**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
_____

JEFFREY LAMOTHE,

                              Plaintiff,

              v.                                          2:23-CV-00032
                                                                    (TJM/CFH)

RUTLAND CITY HALL SOCIAL SECURITY,

                              Defendant.
_____

**APPEARANCES:**

Jeffrey Lamothe
17 Potter Ave., Apt. B
Granville, New York 12832
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION & ORDER**

       Plaintiff commenced this action on January 27, 2023,[1] by filing a complaint (Dkt. No. 1-2) and application for leave to proceed in forma pauperis ("IFP") (Dkt. No. 1).[2] On February 2, 2023, the District of Vermont disqualified itself and ordered that this case be

---

[1] Plaintiff commenced multiple actions on this same day. See 2:23-CV-28 TJM/CFH), Lamothe v. Federal Court Clerks (filed Jan. 27, 2023); 2:23-CV-29 (TJM/CFH); Lamothe v. Rutland Sheriffs Department (filed Jan. 27, 2023); 2:23-CV-31 (TJM/CFH); 2:23-CV-32 (filed Jan. 27, 2023); Lamothe v. Rutland City Hall Social Security (filed Jan. 27, 2023); 2:23-CV-33 (TJM.CFH), Lamothe v. Federal Court Clerks of Vermont, et al. (filed Jan. 27, 2023).

[2] Plaintiff has recently filed 12 actions in this District. See Lamothe v. Brown, 5:22-CV-161; Lamothe v. Bankruptcy Court, 5:22-CV-162; Lamothe v. Bankruptcy Court U.S. Trustee, 5:22-CV-163; Lamothe v. Cooper, 5:22-CV-164; Lamothe v. Federal Court Clerk, 2:22-CV-220; Lamothe v. Federal Court Clerks, 2:23-CV-28; Lamothe v. Rutland Sheriffs Department, 2:23-CV-29; Lamothe v. Rutland Sheriffs Department, 2:23-CV-30; Lamothe v. Rutland Superior Court Clerks, 2:23-CV-31; Lamothe v. Rutland City Hall Social Security, 2:23-CV-32; Lamothe v. Federal Court Clerks of Vermont, 2:23-CV-33; Lamothe v. Federal Court Clerks, 2:23-CV-40. On June 16, 2023, Chief Judge Geoffrey W. Crawford enjoined plaintiff from filing any new actions in the U.S. District Court, District of Vermont without first obtaining leave from the Chief Judge. See 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, Dkt. No. 19.

reassigned to a U.S. District Judge in the Northern District of New York. See Dkt. No. 2. On February 16, 2023, this matter was assigned to Senior U.S. District Judge Thomas J. McAvoy. See Dkt. No. 4. On May 9, 2023, this matter was referred to the undersigned. See Dkt. No. 5. Presently pending for review is consideration of plaintiff's IFP application, and, if granted, review of the complaint pursuant to 28 U.S.C. § 1915.

## I. **In Forma Pauperis**

After reviewing plaintiff's IFP application, Dkt. No. 1-1, the Court concludes that plaintiff financially qualifies to proceed IFP.[3] Accordingly, the undersigned proceeds to review the complaint.

## II. **Relevant Legal Standards**

Section 1915(e)[4] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to

---

[3] Plaintiff is advised that in forma pauperis status does not cover any costs and fees that may be associated with this matter, including, but not limited to, any copying fees that may be incurred.
[4] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002). Accordingly, a financial assessment and, if determined to be financially qualified, an initial review of the complaint pursuant to section 1915 is required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

proceed with his action. Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No.

19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[5] Pleading guidelines are set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

> Further, Rule 10 of the Federal Rules provides:
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

---

[5]  As copies of this case have been provided to plaintiff along with each Report-Recommendation & Orders filed in his other cases, the Court will not be sending another copy of this unpublished case at this time.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted).  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.  Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second

Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III.  Complaint

Plaintiff's complaint is handwritten and one page in length. See Dkt. No. 1-2. Attached to the complaint are two documents.  At the header of the complaint, plaintiff states that the "project title" is "Obstruction of Justice (Filing)." Id. at 1. The complaint provides that it is "addressed to" "Federal Court Clerks[,]" "Attorney Generals of Vermont[,]" and "Senator Sanders." Dkt. No. 1-2 at 1.  Under the heading "complaint," it states, "refused to file three attempts of filing lawsuites [sic].  Thirteen accounts of credit bureau. Noun [sic] payments eviction process on rent, November 2022 thru December 2022." Id.  Next, under the heading "Motion," plaintiff provides that he seeks "summary of judgement paid to myself, Jeffrey P. Lamothe thee [sic] sum of seventy-five thousand dollars asfore [sic] debt to myself of full payment." Id.

The first document attached to a "complaint" is a one-page handwritten "Complaint" titled "Insubordination." Dkt. No. 1-2.  This "complaint" has the caption of "Plaintiff Jeffrey Lamothe v[.] Defendant Rutland City Hall Social Security." Id. It states that plaintiff is

> not receiving a check this month, will affect my credit, not being able to pay my rent, create more hardship.  In the pat has created loss of jobs,

>unable to find work, loss of unemployement [sic], prevents me from making over salary cap aswell [sic] as numerous threats daily of jail time, an [sic] losing my assets due to this income on a monthly bases [sic]. Haven't used this income for anything else besides the monies. This sudden, no payment aswell [sic] as above, I'm unable to fix my car or truck for reliable transportation aswell [sic] as list them aswell [sic] as boat for sale, extra money for winter. Please read affidavit.

Id.

The second attachment to his complaint is a Notice of Electronic filings sent to plaintiff from this district in 2:22-CV-220 (NAM/CFH), Lamothe v. Federal Court Clerk, stating that on December 16, 2022, the case was reassigned from Judge Christian Reiss to Judge Norman A. Mordue and referred to Magistrate Judge Christian F. Hummel. See Dkt. No. 1-2 at 3. On this printout, it is written, "Default 12-6-2023[,] CV-00220[,] Federal Clerk Obstruction of Justice[.] Wouldn't file or process!!" Id.

Plaintiff has now filed several actions where he has made generalized contentions that appear to argue that unspecified persons or "clerks" failed to "file" or "process" lawsuits. See 2:23-CV-29, Lamothe v. Rutland Sheriffs Department; Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH); 5:22-CV-161 (TJM/CFH), Lamothe v. Brown. Further, in his complaint in 2:22-CV-220, plaintiff makes reference to a Social Security claim and "processing." Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH). In this latest iteration, as with every prior complaint filed, plaintiff fully fails to provide sufficient factual support or any allegation how an apparent failure to file or process his lawsuits amounted to a violation of any law or right. Indeed, he does not contend that the "lawsuits" he attempted to file were properly submitted or that he followed the Court's rules when he sought for the complaints to be filed or processed. Further, to the extent plaintiff is aggrieved because a defendant or defendants failed to file or "process" unspecified lawsuits, as discussed in 2:22-CV-161, such claims would

7

likely be barred by absolute judicial immunity, which extends to court clerks.  See 2:22-CV-161, Lamothe v. Brown, dkt. no. 9 at 20 (quoting Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) ("However, absolute judicial immunity also extends to court clerks/employees who are performing tasks "'which are judicial in nature and an integral part of the judicial process.'").

Plaintiff's complaint is essentially one sentence in length and a demand for relief.  Dkt. No. 1-1.  He provides no facts, no context, no dates, identifies no law or right he alleges to have been violated, and no explanation as to how the named defendants violated any law or right.  As it stands, the complaint "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales, 167 F.R.D. at 355.  Thus, plaintiff's complaint is plainly in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure, detailed above.

A court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  Id. Here, plaintiff's complaint does not provide even a sliver of a suggestion that he has a viable legal claim against named defendants. Given plaintiff's (1) repeated history of filing vague and frivolous complaints, including multiple complaints he filed on the same day as he commenced this action – which contains the same unexplained citations to dockets and a similar demand that summary judgment be granted in his favor; and (2)

that he has not properly amended his complaints when opportunities have been provided to him in his other cases, it is extremely unlikely that another chance at amending his pleading will cure the defects. Accordingly, it is recommended that the dismissal be with prejudice and without opportunity to amend.

## VI.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis, dkt. dkt. no. 1, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1-1, be **DISMISSED with prejudice and without an opportunity to amend**; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules of Practice.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[6]

Dated: June 27, 2023
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[6]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. See Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).