**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

JEFFREY LAMOTHE,

                              Plaintiff,

        v.                                                      2:23-cv-00032 (AMN/CFH)

RUTLAND CITY HALL SOCIAL
SECURITY,

                              Defendant.

**APPEARANCES:**                                   **OF COUNSEL:**

**JEFFREY LAMOTHE**
17 Potter Avenue, Apt. B
Granville, New York 12832
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

         This case was assigned to the United States District Court for the Northern District of New

York, following the decision by United States Chief District Judge Geoffrey W. Crawford to

disqualify the United States District Court for the District of Vermont pursuant to 28 U.S.C.

§ 455(a).  Dkt. Nos. 2, 4.  Plaintiff *pro se* Jeffrey Lamothe filed this action in the District of

Vermont, raising claims against "Rutland City Hall Social Security."  Dkt. No. 1-2 ("Complaint").

This Court (McAvoy, J.)[1] referred the matter to United States Magistrate Judge Christian F.

Hummel for a Report-Recommendation.  Dkt. No. 5.

---

[1] The case was subsequently reassigned to the undersigned.  Dkt. No. 8.

Because Magistrate Judge Hummel recommended permitting Plaintiff to proceed *in forma pauperis*, Magistrate Judge Hummel performed an initial review of the Complaint to determine whether service was warranted.  In his Report-Recommendation and Order dated June 27, 2023 ("Report-Recommendation"), Magistrate Judge Hummel noted that Plaintiff's one-page Complaint lists a "project title" as "Obstruction of Justice (Filing)."  Dkt. No. 6 at 6.[2]   The Complaint is addressed to "Federal Court Clerks," "Vermont Attorney Generals," and "Senator Sanders," and appears to address an alleged failure to file lawsuits, claims about accounts at a credit bureau, and an eviction.  *Id.*  The Complaint then moves for "summary judgment" and seeks monetary damages.  *Id.*  Magistrate Judge Hummel further observed that two documents are attached to the Complaint; the first, another document titled "Complaint," which is labeled "Insubordination."  *Id.*  The document is captioned "Plaintiff Jeffery Lamothe v[.] Defendant Rutland City Hall Social Security" and claims that Plaintiff has not received his monthly check, which will harm his credit and has caused him past injury.  *Id.* at 6-7.  The second document Plaintiff attached is a Notice of Electronic Filing he received in another case.  *Id.* at 7.

Magistrate Judge Hummel noted that Plaintiff has filed several Complaints in this District raising similar allegations about failures to file documents or process lawsuits, as well as similar claims with relation to Social Security benefits.  *Id.* at 7.  Magistrate Judge Hummel found that, as with the other actions, Plaintiff's Complaint "fully fails to provide sufficient factual support or any allegation how an apparent failure to file or process lawsuits amounted to a violation of any law or right."  *Id.*  Plaintiff does not even allege that the actions he filed were submitted according to court rules and, in any case, judicial immunity would likely bar claims related to a failure to file

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

lawsuits. *Id.* at 7-8. Magistrate Judge Hummel found that the Complaint fails to raise any facts which could give rise to plausible right to relief, and fails to provide any allegations to which a defendant could respond. *Id.* at 8. Magistrate Judge Hummel therefore recommended that the Court dismiss the Complaint. *Id.* Because better pleading would not cure the deficiencies in the Complaint, Magistrate Judge Hummel also recommended that the dismissal be with prejudice. *Id.* at 8-9. Last, Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 9.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of*

*Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citations omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff did not file objections to the Report-Recommendation. Instead, Plaintiff re-filed the two documents described above as attached to the Complaint. *Compare* Dkt. No. 1-2*, with* Dkt. No. 7. The Court does not consider re-filing portions of the documents that initiated the

action as an objection to Magistrate Judge Hummel's conclusion that the Complaint fails to raise a claim upon which relief could be granted.  The Court finds that the Report-Recommendation is not subject to attack for clear error.  Further, even after *de novo* review, the Court agrees with Magistrate Judge Hummel's findings for the reasons stated in the Report-Recommendation.

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's application for leave to proceed *in forma pauperis*, Dkt. No. 1, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1-2, is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: May 8, 2024
     Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk has previously provided Plaintiff with copies of all unreported decisions herein.